[Cite as *Dubose v. Miller*, 2010-Ohio-5414.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

EDWARD L. DUBOSE,      )
                       )
     PETITIONER,       )
                       )
VS.                    )      CASE NO. 10-BE-17
                       )
MICHELE MILLER, WARDEN, )      OPINION
BELMONT CORRECTIONAL   )      AND
INSTITUTION,           )      JUDGMENT ENTRY
                       )
     RESPONDENT.       )

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:      Dismissed

APPEARANCES:
For Petitioner      Edward L. Dubose, pro-se
                    Belmont Correctional Institution
                    68518 Bannock Road
                    S.R. 331
                    St. Clairsville, Ohio 43950

For Respondent      Richard Cordray
                    Ohio Attorney General
                    Gene D. Park
                    Assistant Attorney General
                    Criminal Justice Section
                    150 E. Gay Street, 16th Floor
                    Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 5, 2010

PER CURIAM.

{¶1} Petitioner Edward Dubose has filed a pro se petition for writ of habeas corpus against Respondent Michele Miller, Warden of the Belmont Correctional Institution alleging he is being held beyond the sentence imposed by the trial court. Respondent has filed a motion to dismiss the petition.

{¶2} Presently, Petitioner is incarcerated in Respondent's institution pursuant to sentences imposed in two cases. On July 30, 2003, the Mahoning County Common Pleas Court in case no. 02CR1013 sentenced Petitioner to two terms of imprisonment – one year for possession of heroin and eighteen months for possession of cocaine – to be served concurrently with each other. The court also sentenced Petitioner to one year for a firearm specification to be served prior to and consecutive to the sentence for the possession of cocaine conviction. Thus, the resulting aggregate sentence in case no. 02CR1013 was two and one half years (with credit for 83 days served in jail).

{¶3} On February 8, 2006, the Mahoning County Common Pleas Court in case no. 03CR685 sentenced Petitioner to two terms of imprisonment – four years for involuntary manslaughter and three years for a firearm specification – to be served consecutively to each other for an aggregate sentence of seven years (with credit for 975 days). The trial court also noted that the sentence was to be served concurrently with the sentence imposed in case no. 02CR1013.

{¶4} Petitioner filed the present petition for writ of habeas corpus arguing that he has served his entire sentence. Because he has served seven years in prison and the seven year sentence in case no. 03CR685 was ordered to be served concurrent to the two-and-half-year sentence in case no. 02CR1013, he believes he is being held beyond the sentence imposed by the trial court. In response, Respondent argues that while the sentences in the two cases were ordered to be served concurrently, the firearm specifications under each must be served consecutively to each other under the law and cannot be served concurrently.

{¶5} R.C. 2929.14(E)(1)(a) addresses this issue directly. It provides in pertinent part:

{¶6} "[I]f a mandatory prison term is imposed upon an offender pursuant to

division (D)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (D)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code, *and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*" (Emphasis added.)

{¶7}   As this section indicates, any firearm specification must be served consecutive to all other terms of imprisonment either previously imposed or subsequently imposed. *Owens v. Smith*, 5th Dist. No. 09CA135, 2010-Ohio-794, ¶6. For Petitioner's argument to prevail, a portion of his seven-year sentence would have to be served concurrently with a firearm specification which is prohibited by R.C. 2929.14. Id.  Moreover, the trial court in this case, upon Petitioner's motion, filed a nunc pro tunc judgment entry finding that after a review of the February 8, 2006 sentencing hearing transcript there was no discussion of merger of the specifications as alleged by Petitioner.

{¶8}   For the foregoing reasons, Respondent's motion to dismiss is granted and Petitioner's petition for writ of habeas corpus is hereby dismissed.

{¶9}   Costs taxed against Petitioner.  Final order.  Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J. concurs.

Waite, J. concurs.

DeGenaro, J. concurs.